633 F.Supp. 19 (1986)
D.R. LEE, P.J. Duffield, J.L. Webb, S.A. Robinson, S.G. Myers, M.E. Gage, and D.F. Burger, Plaintiffs,
v.
ST. LOUIS SOUTHWESTERN RAILWAY COMPANY, Defendant.
No. S 86-10 C (D).
United States District Court, E.D. Missouri, Southeastern Division.
April 3, 1986.
Donald Rhodes, Bloomfield, Mo., and Kenneth Shrum, Marble Hill, Mo., for plaintiffs.
Richard G. Steele, Finch, Bradshaw, Strom & Steele, Cape Girardeau, Mo., and Spencer F. Robinson, Ramsay, Cox, Lile, Bridgforth, Gilbert, Harrelson & Starling, Pine Bluff, Ark., for defendant.

MEMORANDUM AND ORDER
WANGELIN, District Judge.
This matter is before the Court upon defendant's motion to dismiss.
Plaintiffs in this action seek to set aside a decision reached on July 31, 1985 by an arbitration committee. The arbitration committee was formed pursuant to Interstate Commerce Commission (hereafter ICC) orders which resulted from the ICC's approval of the merger of Missouri Pacific and Union Pacific Railroads.
Plaintiffs contend that they were damaged by the approval of the above-referenced merger. The ICC has a legal obligation in merger cases to consider protective benefits for employees. 49 U.S.C. § 11347. The conditions for protecting employees, such as plaintiffs, in mergers and transfer of trackage rights are known as "Norfolk and Western Conditions". These conditions include displacement compensation and a system of arbitration.
Plaintiffs were opposed to the approval of the merger and the granting of certain trackage rights and, as a result, claim they *20 are entitled to protective benefits. The dispute involving these plaintiffs was submitted to arbitration pursuant to the orders promulgated by the ICC in approving the merger. Plaintiffs are dissatisfied with the result of that arbitration.
Plaintiffs attempt to invoke the jurisdiction of this Court pursuant to the Railway Labor Act, 45 U.S.C. § 151 et seq. The Court finds that plaintiffs' assertion of jurisdiction is faulty. The sections of the Railway Labor Act relied upon only provide jurisdiction for appeals of Adjustment Board decisions and Public Law Board decisions. They do not apply to Arbitration Committee decisions made pursuant to Interstate Commerce Commission orders. Appeal of such decisions is governed by 28 U.S.C. § 2342(5). As such, proper jurisdiction for this matter lies with the Court of Appeals for the Eighth Circuit.
Accordingly,
IT IS HEREBY ORDERED that defendant's motion to dismiss be and is GRANTED; and
IT IS FURTHER ORDERED that the above-styled action be and is DISMISSED for lack of subject matter jurisdiction.